**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VINCENT HATCHER, | No. 06-17066 |
| Petitioner - Appellant, | D.C. No. CV-04-02596-MCE |
| v. | |
| TOM L. CAREY, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Argued and Submitted June 13, 2007
San Francisco, California

Before: SCHROEDER, CANBY and McKEOWN, Circuit Judges.

California state prisoner Vincent Hatcher appeals from the district court's

judgment denying his 28 U.S.C. § 2254 habeas petition.  We have jurisdiction

under 28 U.S.C. § 2253.  Hatcher contends that inadequate evidence supported the

Board of Prison Terms's ("Board") denial of parole suitability at his fifth parole

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

hearing in 2003. "'[S]ome evidence' of future dangerousness" is indeed required for denial of parole in California. Hayward v. Marshall, 603 F.3d 546, 562 (9th Cir. 2010) (en banc) (quoting In re Lawrence, 44 Cal.4th 1181, 1191 (Cal. 2008); In re Shaputis, 44 Cal.4th 1241, 1246(Cal. 2008)).[1] When reviewing a § 2254 petition challenging denial of parole to a California state prisoner, we determine whether the state court decision approving the Board's conclusion "was an 'unreasonable application' of the California 'some evidence' of future dangerousness requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'" Hayward, 603 F.3d at 562-63 (quoting 28 U.S.C. § 2254(d)(1) and (2)). "Looking through" the summary denials of Hatcher's state habeas petitions by the California Court of Appeal and California Supreme Court to the grounds for denial identified by the Superior Court, see Ylst v. Nunnemaker, 501 U.S. 797, 804-05 (1991), we conclude that the Superior Court decision does not demonstrate these errors. We affirm the district court's denial of Hatcher's § 2254 petition.

---

[1]As Hatcher did not have the benefit of our recent en banc decision in Hayward clarifying the requirement of a certificate of appealability and has raised a claim "debatable among reasonable jurists" regarding denial of a constitutional right, we *sua sponte* certify for appeal the issue of whether some evidence of current dangerousness supported the Board's parole decision. See Hayward, 603 F.3d at 554-555.

Hatcher was convicted in 1985 of kidnaping for the purpose of robbery, forcible rape while acting in concert, oral copulation while acting in concert, and oral copulation by means of force. He was sentenced to life in prison plus five years for the kidnaping offense, with the sentences for the other counts to run concurrently. At Hatcher's fifth parole hearing, the Board identified the following four factors as demonstrating unsuitability for parole: (1) the commitment offense, kidnaping for the purpose of robbery, "was carried out in an especially cruel manner"; (2) Hatcher had "a record of violence an assaultive behavior"; (3) Hatcher had "an unstable social history and prior criminality"; and (4) Hatcher had "not sufficiently participated in beneficial self-help."

We will turn to the nature of the offense last. First, we review the Board's finding that Hatcher had a history of violent behavior. See 15 Cal. Code Regs. tit. 15 ("Regulations") § 2402(c)(2). The Board pointed specifically to Hatcher's arrests and convictions for attempted robbery, assault with intent to commit murder, and assault with a deadly weapon in reaching its conclusion that Hatcher demonstrated a history of violent behavior. At a minimum, the two serious assault offenses suffice to show a history of violent behavior. The Board's reliance on this factor provided some evidence of future dangerousness to support its conclusion Hatcher was unsuitable for parole.

3

The Board cited Hatcher's prior criminal history and drug use as supporting evidence of an unstable social history. See Regulations § 2402(c)(3). Hatcher has challenged the finding by identifying evidence in the record demonstrating a history of positive relationships. For example, since being incarcerated, Hatcher has married and his wife visits him each time family members are allowed to visit. Hatcher maintains regular contact with his two adult children from a prior relationship and has a close relationship with his mother, with whom he communicates frequently. The Board did not cite any evidence contradicting Hatcher's showing of positive relationships. It was not a reasonable determination of the facts in light of the evidence to find that Hatcher had a history of unstable relationships, and this factor did not provide some evidence of Hatcher's future dangerousness.

The Board identified insufficient participation in beneficial programming as a third reason that Hatcher was not yet suitable for parole. See Regulations § 2402(d)(9). The Board noted that Hatcher had only participated in self-help programs since 2001, two years earlier, and concluded he needed additional time to benefit from such programming and for his progress to be observed. At the hearing, Hatcher informed the Board that he had participated in self-help programming earlier, receiving certificates for participation in Alchoholics

4

Anonymous during 1994 and 1995 and participating in some other programs during that same period. He also testified that his participation in substance abuse counseling since 2001 was at the direction of the Board at his last hearing in 2001. Hatcher's commitment offense was performed while he was under the influence of PCP, and Hatcher has acknowledged a history of drug use. The Board's finding that Hatcher had not yet participated in adequate programming was a reasonable determination, particularly in regards to substance abuse counseling, given the circumstances of the commitment offense, and provided some evidence of Hatcher's future dangerousness.

Finally, we consider the nature of the commitment offense. See Regulations § 2402(c)(1). The Board observed that the commitment offense, kidnaping for purposes of robbery, "was carried out in an especially cruel manner." Specifically, the Board concluded that "victim was defiled during the offense" and that the offense was "carried out in a manner that demonstrates a callous disregard for human suffering." See Regulations § 2402(c)(1)(C) and (D). Hatcher and co-conspirators kidnaped an 18-year old woman to rob her, but after discovering that she had little money, held her captive for eight and a half hours; the victim was repeatedly raped and orally copulated by Hatcher and others; and Hatcher refused her pleas to let her go. Although Hatcher argues it was not permissible for the

5

Board to look at circumstances not directly underlying the commitment offense, the Board may consider all behavior surrounding the offense. See Regulations § 2402(b).

The Board may not rely upon "the aggravated nature of the crime [] in and of itself [t]o provide some evidence of *current* dangerousness to the public," Lawrence, 44 Cal.4th at 1214, unless other factors regarding the prisoner's history, demeanor or mental state indicate that the "implications regarding the prisoner's dangerousness that derive from his or her commission of the commitment offense remain probative," id.. Hatcher's pattern of violent behavior and lack of sufficient self-help programming indicate that the callous and violent nature of the commitment offense remained probative of Hatcher's future dangerousness, given that Hatcher committed the violent crime while under the influence of drugs. The aggravated circumstances of Hatcher's commitment offense provided some evidence to support denying parole.

In addition to these four factors identified by the Board, the Superior Court noted its view that the Board relied on Hatcher's "lack of adequate parole plans" in finding Hatcher unsuitable for parole. See Regulations § 2402(d)(8). This ground was not, however, a finding articulated by the Board as a reason for its conclusion of unsuitability, and therefore the Superior Court was not entitled to rely on it.

6

See, e.g., In re Elkins, 144 Cal. App. 4th 475, 493 (Cal. Ct. App. 2006)(disregarding unsuitability circumstances not relied upon by Governor when reviewing Governor's decision reversing Board's suitability finding). Thus, we will not review the parole plans basis as a ground for finding some evidence of unsuitability.

The Board's findings as to Hatcher's violent history, insufficient programming, and the callous nature of the offense are supported in the record and provide some evidence of Hatcher's future dangerousness. The Superior Court did not unreasonably apply California's some evidence of future dangerousness standard or make unreasonable determinations of the facts when rejecting Hatcher's challenge to the Board's parole decision. See Hayward, 603 F.3d at 562-63; 28 U.S.C. § 2254(d)(1) and (2). We AFFIRM the district court's denial of Hatcher's § 2254 habeas corpus petition.